UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Elmer Lint Baggett,** | : <br> : <br> : |
| Plaintiff, | : Civil Action No. <br> : |
| v. | : <br> : |
| **TransUnion, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC and RentDebt Automated Collections, LLC,** | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT AND JURY DEMAND

### Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendants (named below) for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and the Fair Debt Collections Practices Act, 15 USC 1692 *et seq.* (the "FDCPA").

### Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, and 28 U.S.C. §1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### Parties

4. Plaintiff Elmer Lint Baggett is an adult individual who resides in Sanderson, FL.

5. Defendant TransUnion, LLC ("TU") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1510 Chester Pike, Crum

Lynne, PA 19022.

6. Defendant Experian Information Solutions, Inc ("EX") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with principal place of business located at 701 Experian Pkwy, Allen, TX 75013.

7. Defendant Equifax Information Services, LLC ("EQ") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, GA 30309. At times TU, EX and EQ are collectively referred to as the "Credit Reporting Agency Defendants" or the "CRA Defendants".

8. Defendant RentDebt Automated Collections, LLC, ("RD") is a business entity that is registered to do business in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania, with the following principal place of business located at 304 Northcreek Blvd., Goodlettsville, TN 37070-1367.

**Facts**

9. Defendants have repeatedly reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

10. The inaccurate information includes but is not limited to the inclusion of a debt collection account within Plaintiff's credit file and consumer reports. The inaccurate debt collection account that is included within Defendants' consumer file and credit reports is reported under the name RD. RD is a debt collection company, and Defendants are reporting credit information received from RD within Plaintiff's credit file and consumer reports. The debt relating

to the RD trade line that is being reported has to do with an amount owed for the lease of a property in Georgia. The RD trade line inaccurately states that Plaintiff owes approximately $35,308.

11. Plaintiff had never lived in Georgia or rented a property in Georgia. Plaintiff has owned a home since 2015 in Florida. The RD account belongs to another individual with the same or similar name.

12. Plaintiff disputed the inaccurate information with the CRA Defendants. Despite the disputes, Defendants continued to report the inaccurate information and continue to issue false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Plaintiff's disputes with the CRA Defendants were sent to RD. RD allegedly investigated Plaintiff's disputes of the account, and falsely verified that the account belonged to Plaintiff.

13. Plaintiff also directly disputed the credit reporting with RD, and it refused to correct the inaccurate reporting, and continued to attempt to collect the debt through its inaccurate credit reporting.

14. Defendants either did not engage in any investigation when they were informed of the inaccurate reporting, or (alternatively) did not engage in a reasonable investigation, as such an investigation would have revealed that the inaccurate information was false and misleading.

15. Defendants also failed to institute or adhere to policies and procedures that could have prevented the reporting of the inaccurate information.

16. Defendants knew or should have known that their actions violated the FCRA and FDCPA. Additionally, Defendants could have taken the steps necessary to bring their agents' actions within compliance of the statutes but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

17. Plaintiff's credit report and file have been obtained from the CRA Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from EX, TU and EQ by such third parties. Plaintiff has also suffered increased interest rates, reduced opportunities for financing, and increased insurance premiums as a substantial result of Defendants reporting of the inaccurate information.

18. Because of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit denial or loss of credit opportunity, credit score reduction, informational harm, privacy harm, credit defamation and emotional distress, including, but not limited to, anxiety, frustration, embarrassment, and humiliation.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of Plaintiff.

**Count One – Violations of the FCRA**
**Plaintiff v. EX, TU and EQ**

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, EX, TU and EQ are each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by

15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. The Defendants have violated numerous provisions of the FCRA for their improper actions, including but not limited to Sections 1681e(b) and 1681i(a) of the FCRA. Defendants willfully and negligently violated the FCRA and are liable for damages to Plaintiff pursuant to Section 1681n and 1681o of the FCRA.

26. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## Count Two – Violations of the FCRA
## Plaintiff v. RD

27. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto, RD was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

29. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

30. RD violated Section 1681s-2(b) of the FCRA by engaging in the following conduct:

    a. willfully and negligently failing to conduct a reasonable investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's inaccurately reported trade line;

    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. willfully and negligently failing to report the accurate status of the inaccurate information to all credit reporting agencies;

    e. willfully and negligently failing to provide all credit reporting agencies with the factual information and evidence that Plaintiff provided to RD;

    f. willfully and negligently continuing to furnish and disseminate inaccurate, unlawful and derogatory credit account and other information concerning Plaintiff to credit reporting agencies and other entities; and

    g. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

31. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, RD is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a furnisher of information for violating Section 1681s-2(b).

32. The conduct of RD was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above.  As a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count Three – Violations of the FDCPA
### Plaintiff v. RD

33. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at

length herein.

34. RD is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

36. The above reporting of inaccurate information to credit reporting agencies by RD was "communications" relating to "debts" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

37. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

38. RD violated the FDCPA. RD's violations include, but are not limited to, violations of:

   a. The false representation of the amount, character or legal status of a debt;

   b. Communicating or threatening to communicate to any person credit information which is known or which should be knowns to be false;

   c. Falsely representing the character, amount, or legal status of a debt;

   d. Attempting to collect a debt that RD was not expressly authorized to collect by an agreement creating the debt or permitted by law; and

   e. Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

39. FD's acts, as described, above were done with intentional willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate/stale information.

40. As a result of the above violations of the FDCPA, FD is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorneys' fees and costs.

## JURY TRIAL DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages;

    d. Costs and reasonable attorneys' fees; and

    e. Such other relief as may be necessary, just and proper.

**THE KIM LAW FIRM, LLC**

BY: */s/ Richard H. Kim*
Richard Kim, Esquire
1635 Market St., Suite 1600
Philadelphia, PA 19103
Ph. 855-996-6342/Fax 855-235-5855
rkim@thekimlawfirmllc.com

*Attorney for Plaintiff Elmer Lint Baggett*

Date: December 14, 2023